# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES WAGNER,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No: 6:16-cv-1981-Orl-22DCI**

**DISNEY DESTINATION LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANT'S RENEWED MOTION TO DISMISS FOR FAILURE TO ATTEND DEPOSITION AND TO PROVIDE RESPONSES TO DISCOVERY REQUESTS AND MOTION FOR ATTORNEYS' FEES (Doc. 58)
>
> **FILED:** March 9, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

Plaintiff, through counsel, instituted this case in November 2016, and filed the operative complaint in December 2016. Docs. 1; 9. Defendant filed its answer to the operative complaint in February 2017, Doc. 18, and the Court entered a Case Management Scheduling Order shortly thereafter, setting the discovery deadline for October 27, 2017, Doc. 20.

In May 2017, Plaintiff filed a Motion to Stay, in which he stated that he became "incapacitated" during the pendency of this case and was unsure when he will be able to continue

prosecuting the case. Doc. 25 at ¶¶ 1-2. Thus, Plaintiff requested that the case be stayed four months, and certified that Defendant did not oppose this request. *Id*. at ¶ 5.

In light of the Motion to Stay, the Court entered an Amended Case Management and Scheduling Order, continuing all remaining deadlines by four months, which, in turn, set the discovery deadline for February 27, 2018. Doc. 26.

In August 2017, Plaintiff's counsel filed a Motion to Withdraw as Counsel, seeking to withdraw due to irreconcilable differences. Doc. 27 at ¶ 3.

The undersigned scheduled a hearing on the Motion to Withdraw as Counsel for August 30, 2017, and directed Plaintiff to appear at the hearing in person. Doc. 33. Plaintiff's and Defendant's counsel appeared at the hearing, but Plaintiff failed to appear. Doc. 34. The undersigned ultimately entered an order denying without prejudice the Motion to Withdraw as Counsel. Doc. 35.

On January 3, 2018, Defendant served Plaintiff with a notice of deposition setting his deposition for January 19, 2018, Doc. 52-4, but neither Plaintiff nor his counsel appeared at the deposition, Doc. 52-5.

On January 29, 2018, Plaintiff's counsel filed a Second Motion to Withdraw as Counsel, seeking to withdraw as Plaintiff's counsel due to irreconcilable differences and an inability to communicate with Plaintiff. Doc. 49 at ¶¶ 3-4.

On February 5, 2018, Defendant filed a Motion to Dismiss for Failure to Attend Deposition or in the Alternative to Compel Plaintiff's Deposition and Responses to Discovery Requests and Motion for Attorney Fees (Motion to Dismiss), arguing that Plaintiff has failed provide complete responses to Defendant's written discovery, and failed to appear at his January 19, 2018 deposition.

Doc. 52.  Thus, Defendant requested that the case either be dismissed, or that Plaintiff be ordered to comply with his discovery responsibilities.  *Id*.

The undersigned scheduled a hearing on the Second Motion to Withdraw as Counsel and the Motion to Dismiss (collectively, the Motions) for February 13, 2018, and directed Plaintiff to appear at the hearing in person.  Docs. 50; 53.  Plaintiff's and Defendant's counsel appeared at the hearing, but Plaintiff failed to appear.  Doc. 55.

Following the hearing, the undersigned entered an order granting the Second Motion to Withdraw.  Doc. 56.  Thus, from that point on, Plaintiff has proceeded *pro se*.  Further, in the same order, the undersigned granted certain relief requested within the Motion to Dismiss; not dismissing the case, but requiring Plaintiff to provide complete responses to Defendant's written discovery and appear for Plaintiff's own deposition.  *Id*.  Specifically, the undersigned ordered Plaintiff to do the following: 1) serve Defendant with complete answers to Interrogatories 8 and 9 of Defendant's First Set of Interrogatories; 2) serve Defendant with all documents responsive to request for production 9 of Defendant's First Request for Production; and 3) to attend the deposition to be noticed by Defendant.  *Id*. at 3-4.  The undersigned admonished Plaintiff that "failure to appear at the deposition will result in dismissal of this case[.]"  *Id*. at 4.

On February 13, 2018, Defendant served Plaintiff with a notice of deposition setting his deposition for February 27, 2018.  Doc. 58-1.  Plaintiff failed to appear at the deposition, Doc. 58-3.

On March 9, 2018, Defendant filed a Renewed Motion to Dismiss for Failure to Attend Deposition and to Provide Responses to Discovery Requests and Motion for Attorneys' Fees.  Doc. 58 (the Motion).  Defendant states that Plaintiff failed to comply with the Court's February 13, 2018 order and, thus, argues that the case should be dismissed pursuant to Federal Rules of Civil

Procedure 37(d)(3) and 41(b). *Id*. at 3-4. Further, Defendant requests that Plaintiff be required to reimburse Defendant for the expenses it incurred as a result of Plaintiff's failure to appear at the February 27, 2018 deposition and to pay Defendant's attorney fees and costs for bringing the Motion. *Id*. at 4. Plaintiff has not filed a response to the Motion, and the time to do so has passed, thus, the Motion is unopposed.

This case proceeded without issue until Plaintiff allegedly became incapacitated. As a result, the Court continued all remaining deadlines in the case by four months. Plaintiff, however, has apparently not recovered, and the Court, despite its repeated inquiry into the matter, remains unclear as to the precise nature or extent of Plaintiff's incapacitation. Specifically, the record contains essentially no insight into the nature of Plaintiff's incapacitation (i.e., is it a traumatic physical injury, chronic injury or disease, mental or emotional illness, or some combination thereof), the extent of the incapacitation (i.e., what he can and cannot do), or his prognosis (i.e., whether or not he will ever recover to the point where he can prosecute this case). Indeed, even Plaintiff's former counsel could provide no insight as to these issues when questioned at hearings, although Plaintiff's counsel has communicated with Plaintiff and Plaintiff's mother following Plaintiff's alleged incapacitation. Further, there is no evidence that Plaintiff (or anyone else) has taken any steps to obtain a guardian who may, with the assistance of counsel, continue to prosecute this case. Instead, the record reveals that Plaintiff has failed to attend two hearings, failed to attend two separately noticed depositions, and failed to comply with several court orders. The undersigned does not believe that these failures are indicative of an intentional disregard for the Court's orders, but they nevertheless demonstrate that Plaintiff is either unable or unwilling to prosecute this case. The undersigned admonished Plaintiff that failure to attend his deposition will result in dismissal of the case. In light of the foregoing, the undersigned finds that Plaintiff's

failure to appear for his deposition and his general failure to prosecute this case warrants dismissal pursuant Federal Rules of Civil Procedure 37(d)(3) and 41(b). The undersigned, however, finds that an award of Defendant's expenses for attending Plaintiff's deposition, and Defendant's reasonable attorney fees and costs for bringing the Motion would be unjust under the circumstances of this case.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 58) be **GRANTED in part** and **DENIED in part**;
2. The case be **DISMISSED** pursuant to Federal Rules of Civil Procedure 37(d)(3) and 41(b);
3. The Motion (Doc. 58) be **DENIED** in all other respects; and
4. The Clerk be directed to close the case.

**The clerk is directed to send a copy of this report and recommendation to Plaintiff via regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 27, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy